**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALLAN STRINGFELLOW,
              Appellant,

        v.

DEPARTMENT OF AGRICULTURE,
              Agency.

DOCKET NUMBER
DC-0752-18-0712-I-1

DATE:  May 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allan Stringfellow, Uniondale, New York, pro se.

David P. Simmons and Rachel Trafican, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision, except as expressly MODIFIED by this final order to expand the administrative judge's analysis of the appellant's affirmative defense of whistleblower reprisal. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On July 2, 2018, the agency removed the appellant from his position as a Supervisory Copier and Duplicating Equipment Operator for absence without leave (AWOL) and failure to follow procedures to request leave. Initial Appeal File (IAF), Tab 4 at 27, 29-33. The appellant timely appealed his removal to the Board and requested a hearing. IAF, Tab 1. Following the requested hearing, the administrative judge sustained the removal, finding that the agency proved its charges and that the appellant failed to prove that the agency committed a due process violation or harmful procedural error, or that his removal was the result of a prohibited personnel practice. IAF, Tab 30, Initial Decision (ID) at 3-12. The administrative judge also found that the agency showed that the penalty of removal promoted the efficiency of the service and was reasonable. ID at 12-15. Accordingly, she sustained the removal. ID at 15.

On March 3, 2019, the appellant filed a petition for review of the November 19, 2018 initial decision. IAF, Tab 31; Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board informed the appellant that his petition for review appeared to be untimely filed and that the Board's regulations

require an apparently untimely petition to be accompanied by a motion to accept the petition as timely or to waive the time limit for good cause and an affidavit or sworn statement to that effect. PFR File, Tab 2 at 1-2. The appellant filed a motion to accept his petition as timely filed. PFR File, Tab 3. The agency opposed the appellant's petition for review and motion, to which the appellant filed a reply. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

**The appellant has demonstrated good cause to waive the time limit for filing his petition for review.**

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Shannon v. Department of Veterans Affairs*, 110 M.S.P.R. 365, ¶ 6 (2009). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id*.

The appellant's petition for review was originally due on December 24, 2018. ID at 15; *see* 5 C.F.R. § 1201.114(e). However, at midnight on December 22, 2018, the Board ceased all operations due to a partial government shutdown. PFR File, Tab 2 at 1. The Board promptly issued a press release, notifying the public that all filing and processing deadlines would be extended by

the number of calendar days that the Board was shut down. *Id*.; PFR File, Tab 3 at 6-7; Press Release, U.S. Merit Systems Protection Board, Status of the U.S. Merit Systems Protection Board During a Partial Government Shutdown (Dec. 21, 2018), https://www.mspb.gov/publicaffairs/press_releases/Status_of_the_MSPB_During_a_Partial_Government_Shutdown_1580906.pdf (last visited May 21, 2024). On January 26, 2019, the Board resumed operations after being shut down for 35 days. PFR File, Tab 2 at 1. Thus, the appellant's December 24, 2018 filing deadline was extended 35 days to January 28, 2019.

The appellant filed his petition for review on March 3, 2019, thirty-four days after the extended deadline to file his petition for review. PFR File, Tab 1. In his motion to accept his petition for review as timely, the appellant states that he accessed the Board's website on January 26, 2019, but it was not operational and that it did not become operational until January 28, 2019. PFR File, Tab 3 at 4. He argues that, after the Board became operational, he had 38 additional days to file his petition for review, which he calculated by adding the number of days of the shutdown to the number of days he had left to file his petition before the government shutdown began. *Id*. The appellant is proceeding pro se, and we find it plausible that the appellant misinterpreted the Board's press release to provide him with an additional 35 days to file his petition following the resumption of the Board's operations after the government shutdown, by which logic his petition is timely. Accordingly, we find that good cause existed for the appellant's delay in filing his petition for review. However, as set forth below, we find the appellant's petition to be without merit.

The administrative judge properly found that the agency proved its charges, that a nexus existed between the appellant's conduct and the efficiency of the service, and that the penalty of removal fell within tolerable limits of reasonableness; and that the appellant did not prove his affirmative defenses of a due process violation or harmful procedural error.

On review, the appellant does not dispute the administrative judge's findings that the agency proved its charges of AWOL and failure to follow

procedures to request leave, that the agency proved a nexus between his conduct and the efficiency of the service, and that the agency proved that the penalty of removal fell within tolerable limits of reasonableness. *See* ID at 3-8, 12-15. We have reviewed the administrative judge's well-reasoned findings and discern no reason to disturb them. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

On review, the appellant renews his arguments that the agency violated his right to due process and committed harmful procedural error by denying him the opportunity to present an oral reply to the proposed removal. PFR File, Tab 1 at 6-10. In particular, he argues that the agency's May 15, 2018 email providing him with an extension of time to provide a reply was ambiguous as to whether he needed to complete his oral reply by the deadline provided, and that *Massey v. Department of the Army*, 120 M.S.P.R. 226 (2013), supports his argument that ambiguity in the agency's language should warrant remand. *Id*. at 8-10. Minimum due process requires that the employee have oral or written notice of the charges against him, an explanation of the employer's evidence, and "the opportunity to present reasons, either in person or in writing, why proposed action should not be taken[.]" *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). We agree with the administrative judge's well-reasoned conclusion that the agency provided the appellant with sufficient due process. ID at 8-9. Unlike in *Massey*, the agency's email providing the appellant with an extension is unambiguous as to when he was to submit his oral reply; it specifically provided that, "Management has granted you an extension until Thursday, May 24, 2018 to submit your written and oral replies." IAF, Tab 6 at 64-65. Additionally, in this case, the appellant requested an oral reply on May 25, 2018, after the extension of time had already expired. IAF, Tab 4

at 39. The administrative judge also properly concluded that the appellant did not show that the agency committed a procedural error, or that the error was harmful, as he did not explain what evidence his oral reply would have added to his written reply. ID at 9-10; *see Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 7 (2015) (holding that, to prove harmful procedural error, the appellant must show both that the agency committed procedural error and that the error was harmful). Accordingly, we affirm the administrative judge's findings that the appellant did not prove his affirmative defenses of a due process violation and harmful procedural error.

We modify the initial decision in order to fully analyze the appellant's affirmative defense of whistleblower reprisal but nevertheless conclude that the appellant has not proven this affirmative defense.

On review, the appellant renews his arguments below that the agency committed prohibited personnel practices. PFR File, Tab 1 at 9-15; *see* IAF, Tab 14. He argues that the agency's implementation of a Maryland state writ of garnishment of his wages was unlawful and resulted in prohibited personnel practices under 5 U.S.C. § 2301(b)(2) and 5 U.S.C. § 2302(b)(12) because: (1) the writ was invalid, as the judgment amount was incorrect and improperly included attorney's fees; (2) the National Finance Center improperly submitted payments to the state of Maryland; (3) the agency garnished wages in excess of the amount permitted per week under "Federal Wage Garnishment Law" and the Consumer Credit Protection Act; (4) the agency did not afford him the opportunity to submit supporting affidavits or other documents pursuant to 5 C.F.R. § 581.302; and (5) neither the appellant nor the agency was served with the writ of garnishment pursuant to MD Rule 2-121. PFR File, Tab 1 at 10-14. He also argues that he filed a motion to cease and desist in state court and served it on two agency human resources officials, but in the decision to effect his removal, he was threatened with further wage garnishment and removed in violation of 5 U.S.C. § 2302(b)(9). *Id*. at 12, 15. The appellant further renews

his argument that he filed a complaint with the agency's Office of Inspector General (OIG) on October 10, 2017. *Id*. Finally, he argues that the administrative judge erred in finding that he did not make protected disclosures under 5 U.S.C. § 2302(b)(8). *Id*. at 14.

For the reasons set forth in the initial decision, the administrative judge properly concluded that the appellant failed to show that the agency committed a prohibited personnel practice by violating 5 U.S.C. § 2301(b)(2) or 5 U.S.C. § 2302(b)(12). ID at 10-12; *see, e.g.*, *Special Counsel v. Byrd*, 59 M.S.P.R. 561, 579 (1993) (holding that, in order to prove a violation of 5 U.S.C. § 2302(b)(12), one must prove: (1) a personnel action was taken; (2) the taking of this action violated a civil service law, rule, or regulation; and (3) the law, rule, or regulation violated implements or directly concerns a merit system principle), *aff'd sub nom. Byrd v. Merit Systems Protection Board*, 39 F.3d 1196 (Fed. Cir. 1994) (Table).[2] However, we modify the initial decision to expand the administrative judge's analysis of the appellant's claims that the agency violated 5 U.S.C. § 2302(b)(8) and 5 U.S.C. § 2302(b)(9). In an adverse action appeal in which the appellant raises a prohibited personnel practice affirmative defense that independently could form the basis of an individual right of action appeal, once the agency proves its adverse action case by preponderant evidence, the appellant must show by preponderant evidence that he made a disclosure protected under 5 U.S.C. § 2302(b)(8) or engaged in protected activity protected under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and that the protected disclosure or activity was a contributing factor in the agency's personnel action. 5 U.S.C. § 1221(e)(1); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-13 (2015); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013). If the appellant makes both of these showings by preponderant evidence, the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have

---

[2] At the time of the issuance of *Byrd*, the current 5 U.S.C. § 2302(b)(12) was located at 5 U.S.C. § 2302(b)(11). *See Byrd*, 59 M.S.P.R. at 579 (quoting the prior version of the statute).

taken the same personnel action in the absence of the appellant's protected activity. 5 U.S.C. § 1221(e)(2); *Alarid*, 122 M.S.P.R. 600, ¶ 14.

The administrative judge found that the appellant did not provide any evidence or argument that the agency retaliated against him for disclosing protected information or exercising his rights in an appeal or complaint, but did not analyze the appellant's allegations in any detail. ID at 10-12. We find that the appellant made sufficient allegations to warrant additional analysis than that provided by the administrative judge, but that the appellant did not show that an allegedly protected disclosure or protected activity was a contributing factor in his removal. To establish that he made a protected disclosure, the appellant must show by preponderant evidence that he disclosed information that he reasonably believed evidenced a violation of a law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2308(b)(8)(A); *Shibuya*, 119 M.S.P.R. 537, ¶ 20. First, the appellant alleges that he wrote letters to two agency human resources officials in September 2017 and served them with a copy of the cease and desist motion that he filed in state court on June 21, 2018. PFR File, Tab 1 at 12, 15, *see* IAF, Tab 14 at 32-33, 37-41. The September 2017 letters reflect that the appellant accused the agency of failing to comply with MD Rules 1-323 and 2-321, and 5 C.F.R. § 581.302 and 5 C.F.R. § 581.305, because the writ of garnishment was not served on him or the agency, the agency did not mail him a copy of its answer to the writ, and he was not afforded the ability to provide the agency with supporting affidavits or other documents. IAF, Tab 14 at 37-41.

We do not find that, in sending these letters, the appellant reasonably believed that the agency had violated Maryland state rules or Federal regulations. To determine whether an appellant had a reasonable belief that his disclosures were protected, the Board will examine whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainably by, the

appellant could reasonably conclude that the actions evidenced a violation of law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 (2013). The appellant himself submitted a copy of a Maryland state rule providing that, even if the appellant asserted a defense against the garnishment, the agency was nevertheless required to remit withheld wages to the state court. *Id*. at 47. Additionally, the appellant did not identify how submitting supporting documents to the agency would have affected the agency's implementation of the wage garnishment. Viewed in their entirety, the appellant's citation of state rules and Federal regulations appear to be an attempt to delay the implementation of a Maryland court order directing him to pay child support arrears, rather than based on any reasonable belief that a violation of a law, rule, or regulation had occurred. *See* IAF, Tabs 4, 14.

Next, the appellant alleges that, on April 24, 2018, he provided the agency official who proposed his removal with the two September 2017 letters that he sent to the human resources officials. PFR File, Tab 1 at 12, 15; *see* IAF, Tab 14 at 30. As set forth above, any allegations that the appellant made in the letters were not protected disclosures. The appellant also alleges that the agency official who issued the decision to remove him threatened him regarding the wage garnishment. PFR File, Tab 1 at 12, 15. To the extent that the appellant alleges that he made protected disclosures to the deciding official, it appears that, in the appellant's written reply to his removal, he alleged that the human resources official responsible for implementing his wage garnishment failed to follow proper legal procedures, rules, and laws; and provided the deciding official with the September 2017 letters. IAF, Tab 4 at 35-41, 50-55. As discussed above, these allegations do not constitute protected disclosures. The appellant also alleged to the deciding official that the agency improperly withheld pay in violation of the "CCPA" for pay period 6. *Id*. at 36. The appellant has not provided any evidence or argument beyond his bare assertions that this alleged

disclosure constituted a violation of a statute, thus we find that he has not proven by preponderant evidence that his allegation constituted a reasonable belief of such a violation.

Additionally, the appellant specifically alleges that the agency threatened him with wage garnishment in violation of 5 U.S.C. § 2302(b)(9)(A)(i). PFR File, Tab 1 at 12, 15. The appellant appears to allege that, by filing a June 2018 motion in the applicable Maryland court to end the wage garnishment, which he alleges that he provided to the two above-referenced human resources officials, he engaged in protected activity. In order to be protected under 5 U.S.C. § 2302(b)(9)(A)(i), the appellant must have exercised an appeal right with regard to remedying a violation of 5 U.S.C. § 2302(b)(8). In moving to end the garnishment, the appellant was not seeking to remedy agency reprisal for making protected disclosures; rather, he was seeking to change a state court order pertaining to wage garnishment for child support arrears, and we do not find that this constituted protected activity under 5 U.S.C. § 2302(b)(9)(A)(i).

Finally, the appellant alleged that he filed an OIG complaint in October 2017, which constitutes protected activity under 5 U.S.C. § 2302(b)(9)(C); however, he did not allege that this complaint was a contributing factor in his removal, or that any agency official involved in his removal was aware of his OIG complaint. PFR File, Tab 1 at 12, 15; *see* IAF, Tab 29 (testimony of the appellant). As such, we do not find that the appellant proved by preponderant evidence his affirmative defense of whistleblower reprisal. We affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.